SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

ABSOLUTEFUTURE.COM, Graham Andrews, Edward A. Durante, Berksire Capital Partners, Inc., Commonwealth Associates, Ltd., Dottenhoff Financial Ltd., Galton, Scott & Golett, Inc., Zimenn Importing and Ex-

porting, Inc., Commonwealth Partners, NY, LLC, Eugene C. Geiger, Alfred Peeper, Oriental New Investments, Ltd., Orientstar Finance, Ltd., Exchange Bank and Trust, Inc., VJV Inc., Defendants,

v.

Roger Detrano, Defendant–Appellant,

U.S. Attorney, Intervenor–Plaintiff.

Docket No. 03–6179.

United States Court of Appeals, Second Circuit.

Dec. 14, 2004.

Roger M. DeTrano, Otisville, NY., for Appellants, pro se.

Giovanni P. Prezioso, Jacob H. Stillman, Rada Lynn Potts, Susan K. Straus, Meyer Eisenberg, on the brief, for Appellees.

Present: CARDAMONE, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Roger DeTrano appeals from a judgment of the district court ordering DeTrano to disgorge $494,694.82, representing profits and interest from a scheme to artificially inflate the stock price of AbsoluteFuture.com ("AFTI"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review the district court's judgment of default for abuse of discretion. *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 852 (2d Cir.1995). We likewise review the district court's imposition and calculation of disgorgement liability for abuse of discretion. *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1474–75 (2d Cir.1996).

· DeTrano first argues that the district court, by entering judgment on January 22, 2003, did not have sufficient time to consider certain submissions, including the SEC's reply memorandum of January 22 and Detrano's reply by letter dated January 27. This argument has no merit. The district court was entitled to base its decision on the original motion and reply, and is not required to give some minimum period of consideration to a submission. It therefore acted well within its discretion in entering judgment on January 22.

DeTrano next argues that his profit to be disgorged from the Commonwealth account should be reduced from $160,694.64, plus interest, to $4,895, plus interest, to take account of purchases of AFTI stock made before the scheme of manipulation ended in April 2000. However, violators of securities laws are not entitled to credit for their failure to unload all of their stock holdings in time to take advantage of their illegal actions. *SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 102 (2d Cir.1978). DeTrano asks us to give him credit for the purchase price of more AFTI stock, when the district court did not even have to give him credit for losses on that stock. The district court thus did not abuse its discretion in declining to include DeTrano's later losses in calculating the profit to be disgorged.

DeTrano finally argues that his disgorgement amount should be reduced by the $150,000 in profits that he transferred to AFTI and $45,500 in profits that he transferred to his partner, William Palla. In other words, DeTrano asks that he be required only to disgorge the profits he actually retained after making disburse-

ments from those profits. We have previously rejected such an "actual profits" approach. *Cf. SEC v. Shapiro,* 494 F.2d 1301, 1309 (2d Cir.1974) (affirming an order to disgorge "paper" profits even though those profits were never actually realized). The district court's inclusion of these profits despite their subsequent transfer to other parties was within its sound discretion.[1]

We therefore affirm the judgment of the district court as to the imposition and amount of disgorgement liability.

---

1. However, in our opinion issued today, we vacate the judgment of the district court in part and remand with directions to provide that the disgorgement of the $150,000 of the profits transferred by DeTrano to AFTI shall be joint and several between those defendants in order to avoid double-counting.